### A. HARRIS v. R. B. HOOD.

(No. 1367, Op. Book No. 3, p. 387.)

APPEAL from Cherokee County.   Opinion by WHITE, P. J.

§ 573. *Trial of the right of property; jurisdiction determined by value of property as assessed by officer.*   In trials of the right of property, it is the assessed value of the property seized by the officer and claimed by the third party which determines the jurisdiction and the tribunal wherein the matter is to be adjudicated; for upon making the oath and bond prescribed by the statute, it is expressly provided that "the sheriff or other officer receiving such oath and bond shall indorse on the writ that such claim has been made, and oath and bond given, stating by whom, and shall also indorse on such bond the value of the property as assessed by himself, and shall forthwith return such bond and oath to the proper justice or court having jurisdiction to try such claim as hereinafter provided." [R. S. 4826.] It is further provided that such cases shall be tried as follows: "1. Where the assessed value of the property does not exceed $200, the writ shall be returned to a justice of the peace as before provided. 2. Where the value assessed is more than $200, the writ shall be returned to the proper county court. 3. Where the assessed value is more than $500, the writ shall be returned to the proper district court." [R. S. 4831.] In this case the assessed value of the property levied upon, as made by the officer and indorsed upon the claimant's bond, and stated in his return upon the writ, was $4,000. By an amended return the officer

stated that he held the goods "levied on to the extent of sufficient to make $127.12." Still the goods levied on were assessed by him at a valuation of $4,000, and this valuation, and not the amount of the claim he was endeavoring to satisfy by the levy, must be looked to in determining to what court this writ should be returned. He made the return to the justice's court from which the writ issued, and the justice rendered judgment against the claimant and the sureties upon his bond. Claimant brought the case by *certiorari* to the county court, one of the main grounds of error set forth being the total want of jurisdiction in the justice's court to render judgment in the case. In other words, that the justice's judgment was void for want of jurisdiction, and that the writ and claim bond and affidavit should have been returned for trial to the district court, which court alone had jurisdiction to try the case. In the county court a motion was made to dismiss the *certiorari*, and was sustained, the court holding that the justice had jurisdiction. The reasons given by the court for so holding are stated as follows, viz.: "The court finds that the amount in controversy in this case was $150, from the terms of the bond for trial of right of property, and that $150 was the assessed value of the property levied on by the constable, the amount of said bond being $300, and was therefore properly returnable to the justice's court, and was within the jurisdiction of that court." This finding of the court is manifestly erroneous, from an inspection of the officer's return, and seems to be predicated mainly upon the fact that because the amount of claimant's bond was $300, therefore the property must have been assessed at $150, since the law requires the bond to be in double the value of the property claimed. [R. S. 4823.] But the return of the officer fixes the value of the property at $4,000, and this being so, the district court alone had jurisdiction to try the case.

October 11, 1882.               Reversed and remanded.

NOTE.— WILLSON, J., having been of counsel, did not sit in this case.